FILED
CHARLOTTE, NC

JUN 15 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CASE # 5:26-CV-136-MOC

ANGELO R. WHITEHURST

    PLAINTIFF,

V.

NORTH CAROLINA DEPT OF ADULT CORR. ET. AL

    DEFENDANT (S)

|  | CONTENT | ATTACHED |
|---|---|---|
| I. PARTIES TO COMPLAINT 1-3 | | APPLICATION/ INDIGENT 1-7 |
| II. FEDERAL JURISDICTION 1-3 | | |
| III. EXHAUSTION 1-3 | | |
| IV. STATEMENT OF CLAIMS 1-10 | | |
| V. RELIEF 1-1 | | |
| VI PREVIOUS SUITS 1-1 | | |
| VII. STATUS 1-1 | | |
| VII. CERTIFICATION AND CLOSING. 1-1 | | |

PAGE 1 of 23

CC: FILE

Case 5:26-cv-00136-MOC   Document 1   Filed 06/15/26   Page 1 of 23

I. THE PARTIES TO COMPLAINT

A. THE PLAINTIFF

(1.) Angelo Ronell Whitehurst

SOCIAL SECURITY # 3249

I.D # 1250819

CURRENT INST - ALEXANDER CORR. INST

ADDRESS - 633 OLD LANDFILL ROAD

TAYLORSVILLE, N.C. 28681

B. THE DEFENDANT (S)

(1.) NORTH CAROLINA DEPT OF ADULT CORRECTION

TITLE / JOB - PUBLIC SAFETY, POLICY MAKER,

EMPLOYER - EMPLOYEES OF D.A.C

SHIELD # 4870 SUB DIVISION

ADDRESS - 4201 MAIL SERVICE CENTER

RALEIGH, N.C. 27602

SUED - OFFICIAL CAPACITY

PAGE 1 of 3

CC: FILE

B. THE DEFENDANT (S)

(2.) DR. ABREU                                SUED - OFFICIAL CAPACITY

TITLE - HEAD DENTAL OVER ALEXANDER CORR. INST

JOB - FOLLOW POLICY

EMPLOYEE OR CONTRACTOR - N.C.D.A.C / A.X.C.I.

ADDRESS - 633 OLD LANDFILL RD.

TAYLORSVILLE, N.C.   28681


(3.) DR. CLARE                                SUED - OFFICIAL CAPACITY

TITLE - CHIEF OR DENTAL DIRECTOR

JOB - POLICY MAKER

EMPLOYEE OR CONTRACTOR - N.C.D.A.C

ADDRESS - 4201 MAIL SERVICE CENTER

            RALEIGH, N.C.   27602

CC: FILE

Case 5:26-cv-00136-MOC    Document 1    Filed 06/15/26    Page 3 of 23

B. THE DEFENDANT(S)

(4.) DR. WOODROOF                         SUED - OFFICIAL CAPACITY

TITLE - CHIEF DENTAL OFFICER OR DENTAL DIRECTOR

JOB - POLICY MAKER

EMPLOYEE OR CONTRACTOR - N.C.D.A.C.

ADDRESS - 4201 MAIL SERVICE CENTER

RALEIGH, N.C. 27602

page 3 of 3

cc: FILE

II. BASIS OF FEDERAL JURISDICTION

(1.) PURSUANT 28 U.S.C. $^3$ 1331 U.S. DISTRICT COURT HAVE ORIGINAL AND EXCLUSIVE JURISDICTION OVER ALL CIVIL. AND PURSUANT 42 U.S.C. $^3$ 1983 STATE OR LOCAL OFFICIALS WHO ACT UNDER COLOR OF STATE LAW MAY BE SUED FOR THE DEPRIVATION OF ANY "RIGHT(S)" OR "PRIVILEGES" PURSUANT TO CHAPTER 5. SECTION 7000 (DENTAL SERVICE). IMMUNITIES SECURED BY THE U.S. CONST 8TH AND 14TH AMENDMENT AND FEDERAL TITLE II. LAW. AMERICAN DISABILITY ACT AND/OR R.A.

(2.) MONELL V. DEPT OF SOCIAL SERVICES OF THE CITY OF NEW YORK, 436 U.S. 658 (1978). SUPREME COURT OVERRULED MONROE V. PAPE IN PART. WHICH HELD MUNICIPAL ENTITIES MAY BE SUED UNDER SECTION 1983 PURSUANT F.R. CIV.P RULE 57. AND RULE 65. AND WHEN THEIR POLICIES. CUSTOMS. OR PRACTICES CAUSE FEDERAL OR CONSTITUTIONAL INJURY AT ISSUE.

PAGE 1 OF 3

CC: FILE

Case 5:26-cv-00136-MOC   Document 1   Filed 06/15/26   Page 5 of 23

II. BASIS OF FEDERAL JURISDICTION

(3.) THE FEDERAL AND CONSTITUTIONAL VIOLATION AROSE WITHIN 3 WAYS.

(A.) AN OFFICIAL POLICY ADOPTED AND PROMULGATED BY THE ENTITY.

(B.) A PRACTICE OR CUSTOM THAT, ALTHOUGH NOT OFFICIAL AUTHORIZED, IS WIDESPREAD AND WELL SETTLED WITHIN ENTITY. AND/OR

(C.) THE DECISION OF AN OFFICIAL WITH FINAL POLICY MAKING AUTHORITY.

(4.) IN PENNSYLVANIA DEPT OF CORR V. YESKEY. 524 U.S. 206 (1998) UNANIMOUS SUPREME COURT HELD, PRISON FACILITIES ARE PUBLIC ENTITIES WITHIN MEANING OF A.D.A. AND THE A.D.A APPLIES TO BOTH PRISON FACILITIES AND PRISONERS INCARCERATED.

CC: FILE

Case 5:26-cv-00136-MOC    Document 1    Filed 06/15/26    Page 6 of 23

II. BASIS OF FEDERAL JURISDICTION

(5.) THE A.D.A VALIDLY ABROGATES STATES SOVEREIGN IMMUNITY TO CLAIM(S) MADE BY PRISONERS SEEKING PROVISION OF DISABILITY ACCOMMODATION DEVICES. EQUIPMENT, SERVICES WHICH BEEN DENIED BY PRISON OFFICIAL(S).

(6.) PETITIONER NEEDS SERIOUS DENTAL TREATMENT AND THIS ARGUMENT SHOULD BE RAISED AGAINST N.C.D.A.C. ITSELF. N.C.D.A.C. WILL BE NAMED AS PRIMARY DEFENDANT. ANY OR ALL OTHER INDIVIDUAL EMPLOYEES NAMED AS A DEFENDANT UNDER A.D.A. IS ONLY NAMED IN HIS OR HER OFFICIAL CAPACITY BECAUSE A.D.A. CLAIM(S) ARE ▇▇ MADE AGAINST STATE ITSELF.

CC: FILE

Case 5:26-cv-00136-MOC   Document 1   Filed 06/15/26   Page 7 of 23

III. EXHAUSTION REQUIREMENT

(1.) ON OR AROUND DEC 4TH 2025 ADMINISTRATIVE GRIEVANCE WAS FILED AND DIRECTED TO DR. ABREAU FOR RESPONSE.

(2.) TO PREVAIL ON A.D.A CLAIM PLAINTIFF MIMIC HALPERN V. WAKE FOREST UNIVERSITY HEALTH SCIENCES. 669 F.3d 454 (4TH CIR. 2012) WHITEHURST PROPOSED A REASONABLE MODIFICATION TO THE CHALLENGE PUBLIC PROGRAM. THAT WILL ALLOW MEANINGSL ACCESS IN REQUEST OF DENTAL IMPLANTS AND SOME FORM OF BRACE CARE TO STRAIGHTEN TEETH.

(3.) COMPLAINT WAS EXHAUSTED

(4.) INMATE GRIEVANCE RESOLUTION BOARD NEVER RESPONDED WITHIN APPROPIATE TIME PERIOD. (PENDING)

Case 5:26-cv-00136-MOC    Document 1    Filed 06/15/26    Page 8 of 23

CC: FILE

## III. EXHAUSTION REQUIREMENT

(5.) On DEC 12TH 2025 DR. ABREAU DECLINED BRACES AND ORTHODONTIC CARE TREATMENT.

(6.) On JAN 7TH 2026 DR. ABREAU ADVISED COMPLAINTANT TO FILE COMPLAINT IN RALEIGH ADDRESSED TO (A.) DR. CLARE AND (B) DR. WOODROOF.

(7.) WITHIN THE MONTH OF MAY IN YEAR 2026 COMPLAINT WAS MAILED TO N.C.D.A.C. AT 4201 MAIL SERVICE CENTER FOR CHIEF DENTAL OFFICER (S).

(8.) AS OF NOW STILL NO RESPONSE.

(9.) ON OR AROUND JUNE 1ST 2026 FORM D.C. 743 FOR A.D.A 1990 ACCOMMODATION WAS SUBMITTED TO A.D.A. COORDINATOR MS. ECKARD AT A.X.C.I. (4870) TO RECOGNIZE WHITEHURST HANDICAP IN REQUEST FOR MODIFICATION TO RE-ACCOMMODATE. (PENDING)

Case 5:26-cv-00136-MOC    Document 1    Filed 06/15/26    Page 9 of 23

CC: FILE

III. EXHAUSTION REQUIREMENT

(10.) THE PUBLIC ENTITY HAS NOT RESPONDED TO FORM D.C. 743 AS OF NOW. (PENDING)

(11.) THE AMERICAN DISABILITY ACT OF 1990 AND REHABILITATION ACT OF 1973. ETC. INCLUDES IT'S OWN RIGHT OF ACTION BY PROVISION. ALLOWING AN INDIVIDUAL TO SUE STATE ENTITIES. COMPELLING NORTH CAROLINA DEPT OF ADULT CORRECTION TO PROVIDE MORE DENTAL TREATMENT BY ALLOWING REASONABLE ACCOMMODATION TO COMPLETE COMMUNITY STANDARD. IN SUM.

(12.) PETITIONER DOES NOT NEED TO FILE NOR REPEATEDLY ATTEMPT TO COMPLETE COMPLAINT WITH STATE AGENCY BEFORE BEGINNING A PRIVATE ACTION IN A COURT OF APPROPRIATE JURISDICTION. SEE- 28 C.F.R. § 172 (b) AT ANY TIME PETITIONER MAY FILE PRIVATE SUIT PURSUANT TO SECTION 203 OF ACT WHEATHER OR NOT DESIGNATED AGENCY FINDS VIOLATION OR NOT. THEREFORE. COMPLAINT SHOULD BE AUTHORIZED AS PRIVATE. TO PROCEED IF NECESSARY.

CC: FILE

IV. STATEMENT OF CLAIM(S)

(1.) ON OR AROUND DEC 4 TH WHITEHURST REPORTED FOLLOWING DENTAL ISSUES TO DR. ABREAU.

(A.) INADEQUATE DENTAL PARTIALS.

(B.) RED SWOLLEN, SORE, TENDER GUMS

(C.) WHITEHURST IS INDIGENT AND CANNOT AFFORD TO BUY SUPPLIES TO KEEP PARTIALS CLEAN.

(D.) TOOTH ACHE.

(E.) PLAQUE AND POOR ORAL CARE

(F.) DURING BRUSH OR FLOSSING GUMS BLEED

(G.) CROOKED TEETH DIFFICULT TO CLEAN

(H.) ABNORMALITY

(I.) SIGNS OF GUM DISEASE

(J.) BAD BREATH NO MATTER WHAT KIND OF TOOTH PASTE USED.

(K.) WHITEHURST HAS A DIFFICULT TIME EATING AND SPEAKING WITH DENTAL PARTIALS.

CC: FILE

IV. STATEMENT OF CLAIM (S)

(2.) ON DEC 12TH 2025 DR. ABREAU PERFORMED TEETH CLEANING SERVICE.

(3.) ON DEC 15TH 2025 DR. ABREAU ATTEMPTED TO PERFORM A FILLIN AS BEST AS SHE COULD

(4.) THE FILLIN WAS COMPLICATED AND INADEQUATE DUE TO ABNORMALITY.

(5.) TEETH ARE RECEDING HALF OF TOOTH IS DEEPLY LODGED INTO GUM, AND PAIN STILL OFTEN OCCUR WHEN DRINKING COLD SUBSTANCES.

CC: FILE

IV.  STATEMENT OF CLAIM(S)

(6.) In RICHARDSON V. CLARKE. 52 F.4TH 614 (4TH CIR. 2022) THE FOURTH CIRCUIT FOLLOWED THE ESTABLISHED OF THE SUPREME COURT AND HELD TO ESTABLISH A CLAIM FOR VIOLATION OF THE A.D.A ONE MUST BEGIN BY SHOWING ONE OR MORE OF FOLLOWING. -

(A.) ON DEC 12TH, 15TH OF 2025 DR. ABREAU EXAMINED WHITEHURST MOUTH AND PERFORMED INADEQUATE DENTAL CARE TO SERIOUS DENTAL NEEDS UNDER COLOR OF ORDIANCE AND/OR REGULATION CHAPTER 5. SECTION .7600

(B.) DR. ABREAU MADE A DELIBERATE OR CONSCIOUS CHOICE TO IGNORE DISABILITY RELATED NEEDS WITH RECKLESS DISREGARD TO SERIOUS DENTAL NEEDS BY DEPRIVATION UNDER COLOR OF ORDIANCE AND/OR REGULATION CHAPTER 5. SECTION .7600 BY FAILING TO PETITION FOR SPECIAL DENTAL SERVICE. WHITEHURST HAS A PHYSICAL IMPAIRMENT THAT LIMITS ONE OR MORE OF HIS MAJOR LIFE ACTIVITIES SUBSTANTIALLY.

Case 5:26-cv-00136-MOC    Document 1    Filed 06/15/26    Page 13 of 23

CC: FILE

IV. STATEMENT OF CLAIM (S)

(C.) WHITEHURST IS TREATED IN PART AS HAVING SUCH AN IMPAIRMENT. HE WAS PROVIDED "DENTAL PARTIALS" IN THE YEAR OF 2024 AT MARION CORR. INST.

(D.) WHITEHURST HAS A RECORD OF SUCH AN IMPAIRMENT

(7.) WHITEHURST BEEN INCARCERATED SINCE 2011 TOTAL OF 15 YEARS AND DURING THE DURATION THERE HAS BEEN A SHORTAGE OF STAFF AND MASS POPULATION OF PRISONERS. I SAY THAT TO SAY THIS.

(8.) THE DENTAL LIST BE SO FULL PAST IT'S LIMIT ONE COULD RAISE A DENTAL ISSUE AND NOT BE SEEN UNTIL 12 MONTHS LATER NOTLESS ONE IS IN EXCRUCIATING PAIN AND CAN'T EAT.

CC: FILE

IV. STATEMENT OF CLAIM(S)

POINT IS.

(9.) THE FEDERAL VIOLATION AND/OR CONSTITUTIONAL INJURY DERIVED FROM THE PUBLIC ENTITY POLICIES.

(10.) DENTAL SERVICE IS PROLONGED MAYBE BY EXCUSABLE NEGLECT. BY TIME ONE IS SEEN FOR DENTAL ISSUE ROOT OF THE TOOTH HAS STARTED TO DECAY OR SIMPLY ROTTEN AND THE ONLY REMEDY FOR RELIEF IS TO REMOVE THE TOOTH.

(11.) WHITEHURST IS MISSING 20 OR MORE TEETH AND HAS A TOTAL OF 18 TEETH. 8 ON THE TOP AND 10 AT THE BOTTOM. THAT IS BELOW COMMUNITY STANDARD.

Case 5:26-cv-00136-MOC    Document 1    Filed 06/15/26    Page 15 of 23    CC: FILE

IV. STATEMENT OF CLAIM (S)

(12.) BY POLICY CHAPTER 5. SECTION 7200 III. WHITEHURST "DENTAL GRADE ASSESSMENT"
IS BETWEEN D3 OR D4 BOTH ARE POOR.

(13.) IF WHITEHURST OPEN HIS MOUTH EVEN A LAY PERSON CAN TELL HE NEEDS SERIOUS
DENTAL TREATMENT.

(14.) THE FRONT TEETH ARE STAINED AND CROOKED AND NOT FIT TOGETHER PROPERLY

(15.) ALL TEETH MISSING ARE IN 3 DIFFERENT SECTIONS AT THE BACK OF THE
MOUTH ON BOTH SIDES OF THE JAW BONE.

PAGE 6 OF 10

CC: FILE

IV. STATEMENT OF CLAIM(S)

(16.) In CONSTANTINE V. RECTORS AND VISITORS OF GEORGE MASON UNIVERSITY, 411 F.3d (4TH CIR. 2005) THIS COURT HELD THAT TO ESTABLISH A VIOLATION OF THE A.D.A. A PLAINTIFF MUST SHOW 3 SEPERATE FACTS. PETITIONER SHOWS 3 FACTS.

(A.) WHITEHURST HAS A DISABILITY WITHIN MEANING ESTABLISHED BY A.D.A. AND/OR R.A.

GROUND 1. ISSUANCE OF DENTAL PARTIALS PROVES "PHYSICAL IMPAIRMENT."

GROUND 2. PLAQUE AND CROOKED TEETH ARE "UN HEALTHY" AND NO TEETH ON BOTH SIDES OF THE MOUTH MEANS THERE IS NO PRESSURE ON THE JAW BONE WHEN CHEWING FOOD.

GROUND 3. WHITEHURST CHOKES AT TIMES IN ATTEMPT TO CHEW SOLID FOODS.

CC: FILE

IV. STATEMENT OF CLAIM (S)

(17.) THE MODIFICATION FOR ACCOMMODATION IS MEDICALY NECESSARY.

(B.) WHITEHURST IS QUALIFIED TO RECEIVE THE BENEFITS OF PRIVILEGE
CHAPTER 5. SECTION. 7600 WHICH IS AN EXCEPTION TO CREATE NEW DENTAL PLAN
FOR SPECIAL DENTAL SERVICE. WHICH INCLUDE THE CHEAPEST SET OF BRACES AND
IMPLANTS.

GROUND 1. THE SILENT THREAT OF GUM DISEASE IS THE REASON
WHY WHITEHURST HAS LOSS SO MANY TEETH IN THE 1ST PLACE.

GROUND 2. THERE IS RISK FACTORS. GUM DISEASE CAN CAUSE
INFLAMMATION THAT AFFECTS NOT ONLY TEETH. BUT THE WHOLE BODY.

GROUND 3. IT CAN PRESENT - ARTHRITIS. ABSCESSESS. HEART
DISEASE AND POSSIBLEY SEPSIS. WHITEHURST KNOWS HE HAS ARTHRITS.

(C.) AT FACILITY LEVEL PETITIONER HAS BEEN DENIED SERVICE SEEKED.

CC: FILE

Case 5:26-cv-00136-MOC    Document 1    Filed 06/15/26    Page 18 of 23

IV. STATEMENT OF CLAIM(S)

(18.) THE PUBLIC ENTITY BY POLICY OFFER MORE BENEFITS OF DENTAL CARE SERVICE

TO PRISONERS WITH LESSER SENTENCE VERSUS PRISONERS WITH LONG TERM SENTENCE.

WHICH VIOLATES EQUAL PROTECTION CLAUSE AND IS UNREASONABLE. BECAUSE ONCE

ONE RETURN BACK TO SOCIETY HE/OR SHE CAN OBTAIN ANY LEVEL OF DENTAL CARE

DESIRED. 14TH U.S. CONST.

(19.) 5 DISTINCT GROUNDS FOR RELIEF.

- (A.) INTENTIONAL DISCRIMINATION BECAUSE OF PETITIONER PARTICULAR DISABILITY.

  OR

- (B.) DISPARATE TREATMENT BECAUSE OF PETITIONERS DISABILITY. OR

- (C.) A DISPARATE IMPACT OF POLICIES, PRACTICES, OR PROCEDURES, WHICH

  RESULTED BECAUSE OF OR FOR PETITIONER DISABILITY. OR

- (D.) FAILURE/REFUSAL OF THE PUBLIC ENTITY TO PROVIDE REASONABLE

  ACCOMMODATION FOR PETITIONER DISABILITY. OR

CC: FILE

Case 5:26-cv-00136-MOC   Document 1   Filed 06/15/26   Page 19 of 23

IV. STATEMENT OF CLAIM (S)

- (E.) FAILURE/REFUSAL OF THE PUBLIC ENTITY TO MAKE REASONABLE MODIFICATIONS

OF ITS POLICIES OR PRACTICES OR PROCEDURES WHICH WOULD OTHERWISE ACCOMMODATE

PETITIONER DISABILITY - RELATED NEEDS MORE EFFICIENT.

CC: FILE

V. EQUITABLE RELIEF

(1.) DECLARATORY RELIEF - EXTEND NO FURTHER THAN NECESSARY TO CORRECT THE FEDERAL VIOLATION AND/OR CONSTITUTIONAL INJURIES.

(2.) INJUNCTIVE RELIEF - PETITIONER RESPECTFULLY REQUEST FOR AN ORDER THAT DEFENDANT(S) TO TAKE PARTICULAR ACTION(S) -

(A.) SEND PROPERTY TO A DENTAL SPECIALIST FOR EXAMINATION TO FIX ABNORMALITY. DR. ABREAU FILED THE TOOTH DOWN AS BEST AS SHE COULD TO ATTEMPT THE FILL IN.

(B.) HAVE PROPERTY EXAMED FOR BRACES AT LOWEST COST. IT'S ALL KINDS OF BRACES TO STRAIGHTEN TEETH.

(C.) CLEAN TEETH AND PROVIDE IMPLANTS AT THE BACK OF THE MOUTH FOR LOWEST COST.

(3.) A-C IS NOT A BURDEN TO PUBLIC ENTITY NOR SECURITY THREAT.

CC: FILE

VI. PREVIOUS LAWSUIT.

(1.) WHITEHURST NEVER HAD A CIVIL ACTION DISMISSED ON GROUNDS OF FRIVOLOUS OR MALICIOUS OR FAILURE TO STATE A CLAIM. NOR HAD ANY CASES DISMISSED BASED ON 3 STRIKE RULE.

VII. PLAINTIFF STATUS.

(1.) CONVICTED STATE PRISONER.

VIII. CERTIFICATION AND CLOSING

PURSUANT F.R.CIV.P RULE.11 BY SIGNING RECORD. I Angelo Whitehurst CERTIFY TO THE BEST OF MY KNOWLEDGE AND BELIEF THAT INFORMATION WITHIN COMPLAINT (1) IS NOT PRESENTED FOR IMPROPER PURPOSE. NOR TO HARASS OR CAUSE UNNECESSARY DELAY OR NEEDLESSLY INCREASE COST OF LITIGATION. (2) IS SUPPORTED BY EXISTING LAW OR BY NON-FRIVOLOUS ARGUMENT. (3.) THE FACTUAL ALLEGATIONS HAVE EVIDENTIARY SUPPORT AND WILL LIKELY HAVE EVIDENTIARY SUPPORT AFTER REASONABLE OPPORTUNITY OF INVESTIGATION OR DISCOVERY.

SIGNATURE - Angelo R. Whitehurst, 28 USC $^3$ 1746

DATE - JUNE 8TH 2026

cc : FILE

CERTIFICATE OF SERVICE

I, Angelo Whitehurst, CERTIFY following complaint was placed in mailbox

at Alexander Corr Inst. to be delivered to U.S.D.C. and processed

Case 5:26-cv-00136-MOC   Document 1   Filed 06/15/26   Page 23 of 23